## Wyoming National Bank of Wilkes-Barre v. Daileda (No. 2)

*Rosenn, Jenkins & Greenwald,* for plaintiff.

*Joseph M. Reardon,* for defendant.

SCHIFFMAN, J., September 25, 1964.—This matter is before the court upon a rule upon plaintiff to show cause why the fraudulent debtor's attachment issued to the above term and number should not be dissolved.

Plaintiff as purchaser-assignee of the First National Bank of Exeter filed a complaint in assumpsit on July 10, 1964, against defendant seeking to recover $456,528 on a cause of action arising out of misapplication and other illegal uses of funds. The acts of defendant are alleged to have occurred while he served as cashier of the First National Bank of Exeter.

On the same date plaintiff issued an ancillary fraudulent debtor's attachment seeking attachment of the defendant's common stock in the said Exeter bank and of his personal property.

Defendant subsequently filed a petition to dissolve this attachment, to which plaintiff has filed a responsive answer.

Three supporting reasons are contended by defendant as grounds for dissolving the attachment: (a) The complaint fails to allege adequate grounds authorizing fraudulent debtor's attachment; (b) The complaint is subject to preliminary objections; and (c) The validity of the assignment upon which plaintiff's cause of action is based.

We determine that the complaint does allege adequate grounds authorizing a fraudulent debtor's attachment. Pennsylvania Rule of Civil Procedure 1286 contains the following provision:

"A fraudulent debtor's attachment may be issued to attach personal property of the defendant within the Commonwealth and not exempt from execution, upon any cause of action at law or in equity in which the relief sought includes a judgment or decree for the payment of money, when the defendant with intent to defraud the plaintiff

(1) has removed or is about to remove property from the jurisdiction of the court;

(2) has concealed or is about to conceal property;

(3) has transferred or is about to transfer property; or

(4) has concealed himself within, absconded, or absented himself from the Commonwealth. Adopted April 12, 1954. Effective Oct. 1, 1954."

An intent to defraud is an essential element to recovery in an action of fraudulent debtor's attachment: Collingdale School District v. Barnes, 7 Lebanon 1. In order to entitle plaintiff to this procedure, it is necessary that defendant with intent to defraud committed one of the acts enumerated in the aforementioned Pa. R. C. P. 1286. See Volume 3A Anderson Pa. Civ. Pract. §332, Author's comment on Rule 1286.7.

Paragraphs 7, 9, 10 and 13 specifically aver defendant's intent to defraud the First National Bank of Exeter, assignee of the plaintiff. Paragraphs 9 and 13 specifically aver concealment of property, one of the acts enumerated in Rule 1286.

A reading of the entire complaint clearly indicated the first reason assigned by defendant to dissolve the attachment is without merit.

Defendant's next contention that the complaint is subject to preliminary objections is now removed from our consideration. The recent decision of President Judge Frank L. Pinola, October term, 1964, no. 738, a case involving the above-entitled parties, dismissed this defendant's preliminary objections to the complaint here involved.

Judge Pinola's decision also resolved the issue of the assignment. The valid assignability of the claim was therein fully set forth.

With specific application to the proceedings now before us, generally any creditor, whether he is the original creditor or has succeeded by assignment to the rights of others, is entitled, where proper grounds exist, to the issue of an attachment: 3 P. L. Encyc. 344, §5, Attachment; 7 C. J. S. 209, §20, Attachment.

Our consideration has not been directed or persuaded to any factual circumstances or provisions in the rules

286

which preclude the present procedure by plaintiff as a valid assignee-purchaser.

We determine that the reasons set forth by defendant to dissolve the ancillary fraudulent debtor's attachment are without merit.

Accordingly, we enter the following

*Order*

Now, September 25, 1964, at 10 a.m., it is ordered and directed that:

The rule issued upon plaintiff to show cause why the fraudulent debtor's attachment issued to the above term and number should not be dissolved, is hereby discharged.